IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 11-cr-00146-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TRAVIS WEAVER,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant's Supplement in Support of Motion for Reduction in Sentence [Docket No. 160]. The government opposes the motion. Docket No. 164.

On December 21, 2011, defendant Travis Weaver pled guilty to one count of sexual abuse in Indian Country in violation of 18 U.S.C. §§ 2242(1) and 1153(a). *See* Docket No. 121. On April 20, 2012, the Court sentenced defendant to 168 months imprisonment with five years of supervised release. *See* Docket No. 138 at 2. Mr. Weaver is currently incarcerated at USP Leavenworth in Kansas. *See* Docket No. 160 at 11. His projected release date is February 4, 2023. *See* Docket No.164 at 3.

Mr. Weaver filed a pro se motion for compassionate release, *see* Docket No. 152, which was supplemented by counsel on April 19, 2021. *See* Docket No. 160. The Court considers his supplemental motion to be the operative motion. Mr. Weaver argues that his obesity, hypertension, and diabetes, in combination with the COVID-19

pandemic, warrant compassionate release, with the remainder of his term of imprisonment to be converted to in-home detention.  Docket No. 160 at 1.

Under § 3582(c)(1)(A)(i), known as the "compassionate release" provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  That requirement is satisfied here.  Mr. Weaver made a request to the warden on August 14, 2020, which was denied.  *See* Docket No. 160 at 3.  Accordingly, he has exhausted his administrative remedies.

There are three prerequisites to granting compassionate release.  First, a district court must determine whether there are extraordinary and compelling reasons to warrant a sentence reduction.  *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Second, a district court must determine whether the reduction is consistent with "applicable" policy statements issued by the Sentencing Commission.  *Id.*  Third, a district court should consider whether any reduction authorized by steps one and two is warranted under the § 3553(a) factors.  *Id.*  A court need not address all of the steps if

one of them demonstrates that a defendant is not entitled to compassionate release. *Id.*

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not "applicable" under the First Step Act when a motion is brought by a defendant. *See McGee*, 992 F.3d at 1050. Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release. *See id.* (reasoning that, because the guidelines are not "applicable" they "cannot constrain district courts' discretion" (citation omitted)). However, a court may conclude that the application notes to U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, – F. App'x –, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (unpublished).

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common." *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted). "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release."). Mr. Weaver argues that his obesity, hypertension, and diabetes represent extraordinary and compelling reasons to

3

justify compassionate release. *See* Docket No. 160 at 9-18. These factors may, in the appropriate case, represent extraordinary and compelling reasons warranting compassionate release. However, under the circumstances of this case, the Court finds that Mr. Weaver has not demonstrated extraordinary and compelling reasons to justify compassionate release.

First, Mr. Weaver is fully vaccinated. *See* Docket No. 160 at 9-10. Mr. Weaver received the second dose of the Moderna vaccine on February 24, 2021, *see id.*, and, as a result, he was considered "fully vaccinated" approximately two weeks later. *See* Ctrs. for Disease Control and Prevention, *When You've Been Fully Vaccinated*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last updated May 16, 2021). Mr. Weaver argues that "receipt of the vaccine does not render [him] entirely safe from contracting COVID-19" because the Centers for Disease Control ("CDC") has stated that a small percentage of people might still contract COVID-19 after receiving a vaccine. *See* Docket No. 160 at 10. The Court finds this argument unpersuasive. The CDC states that, if someone has been fully vaccinated, that person can "resume activities that [he] did prior to the pandemic" and can do so "without wearing a mask or physically distancing." *See* Ctrs. for Disease Control and Prevention, *When You've Been Fully Vaccinated*; *see also* Erin Garcia de Jesús, *Here's What Breakthrough Infections Reveal About COVID-19 Vaccines*, ScienceNews (May 4, 2021, 2:26 PM), https://www.sciencenews.org/article/coronavirus-covid-vaccines-breakthrough-infections-variants ("Of the more than 95 million people in the United States who were fully vaccinated, only 9,245 — or 0.01 percent — have been infected with the coronavirus as of April 26, according to the CDC."). Thus, even if Mr. Weaver

4

is correct that the COVID-19 protocols at USP Leavenworth are insufficient and that he is unable to socially distance, *see* Docket No. 160 at 11-12, the small chance he might contract COVID-19 after vaccination, even with his potential risk factors, is not sufficient to justify compassionate release. *See United States v. Smith*, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("[A]bsent some shift in the scientific consensus, [d]efendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A).").

Second, Mr. Weaver already contracted COVID-19 and was asymptomatic. *See* Docket No. 164 at 19. He provides no argument as to why he would experience severe symptoms if he contracted COVID-19 a second time when his risk factors did not result in significant illness the first time. *See United States v. Funez*, No. 13-cr-00160-PAB, 2021 WL 168447, at * (D. Colo. Jan. 19, 2021) (denying motion compassionate release where defendant had risk factors but previously contracted asymptomatic COVID-19); *see also United States v. Billings*, No. 19-cr-00099-REB, 2020 WL 4705285, at *2 (D. Colo. Aug. 13, 2020) (collecting cases and noting that it is the defendant's "burden to prove extraordinary and compelling reasons warrant a sentence reduction"). Because Mr. Weaver has already been vaccinated and already contracted COVID-19 without serious symptoms, he fails to demonstrate extraordinary and compelling reasons justifying release based on the COVID-19 pandemic. Accordingly, Mr. Weaver's motion will be denied. *See McGee*, 992 F.3d at 1043 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites . . . is lacking and do not need to address the others." (citation and quotations omitted)).

For the foregoing reasons, it is

5

**ORDERED** Defendant's Supplement in Support of Motion for Reduction in Sentence [Docket No. 160] is **DENIED**. It is further

**ORDERED** that Mr. Weaver's pro se Motion for Compassionate Release [Docket No. 152] is **DENIED**.

DATED June 3, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge